IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 17, 2010 Session

# THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY v. BARRY CONSTRUCTION COMPANY, INC., ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 04-1167-III     Ellen H. Lyle, Chancellor**

**No. M2010-00219-COA-R3-CV - Filed February 24, 2011**

This matter is before the court for a second time. The Metropolitan Government of Nashville and Davidson County initiated suit to compel two developers to complete an unfinished portion of a road in a planned unit development or to recover damages equal to the cost of completing the road if it completed the road itself. The trial court dismissed the action, finding that the amended complaint did not provide a legal basis for requiring either developer to complete the road. On appeal this Court vacated the trial court's order and remanded the case for the court to consider the appropriate allocation of responsibility for construction of the road between the two developers. While the appeal was pending, the Metropolitan Government acquired the land and subsequently completed the unfinished portion of the road. On remand, the trial court assessed costs of constructing the road to the developers equally, but assessed the land-acquisition costs entirely to one developer. The Metropolitan Government appeals. Finding no error in the trial court's allocation of responsibility, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Sue B. Cain, J. Brooks Fox and Christopher M. Lackey, Nashville, Tennessee, for the appellant, the Metropolitan Government of Nashville and Davidson County.

Shawn R. Henry, Nashville, Tennessee, for the appellee, JCH Development Company, Inc.

1

**OPINION**

**I. Facts and Procedural History**

The Metropolitan Government of Davidson County ("Metro") initiated this action in 2004 to compel JCH Development Company, Inc. ("JCH") and Barry Construction Company, Inc. ("Barry") (collectively referred to as "the developers"), developers of a planned unit development, to complete a one-thousand foot portion of Smith Springs Parkway.[1] The trial court dismissed the complaint, finding that Metro failed to provide any legal basis for requiring the developers to complete the road. Metro appealed.

On February 2, 2006, while the case was on appeal, Metro entered into an agreed order with Barry, owner of that portion of the development upon which Smith Springs Parkway was located, to acquire the property to complete the missing portion of the road; JCH was not a party to the condemnation proceeding or the settlement. Metro paid Barry $32,487.00 for the property; that same year, Metro completed Smith Springs Parkway on its own initiative.

On appeal this Court held that "Metro's amended complaint recites an adequate legal basis of requiring both developers to complete Smith Springs Parkway" and remanded the case "for consideration of the appropriate allocation of responsibility for the construction between the two developers." *Metro. Gov't of Nashville and Davidson County v. Barry Constr. Co. and JCH Dev. Co.*, 240 S.W.3d 840, 853 (Tenn. Ct. App. 2007) ("*Barry I*").[2] JCH filed a Petition for Rehearing, contending that, because it contracted the responsibility to complete the road to Barry, it was no longer legally responsible for completing the road. This Court denied the petition, stating the following:

> . . . Nothing in our February 21, 2007 opinion states that [JCH] could not contract with a third party like [Barry Construction] to complete the improvements. However, when it does so, it remains ultimately liable to [Metro] for the completion of the improvements.
>     The question regarding the allocation of liability between [the developers] was not directly before the trial court because both developers

---

[1] The master plan for the planned unit development called for the construction of Smith Springs Parkway as a new road designed to mitigate the traffic impacts of the development on the surrounding area.

[2] The earlier opinion contains a more detailed history of the development of the project as well as the relationship between and involvement of each of them in the project.

2

were insisting that they had no obligation to complete the road. Now that we have determined that [Metro] has stated a claim against both [JCH] and [Barry] for the completion of the road, the allocation of liability between them will be a matter for the trial court to take up following remand.

The case was returned to the Chancery Court on October 19, 2007.

On November 30, 2007, JCH filed a Cross Claim against Barry seeking to be indemnified in the event the trial court allocated any financial liability to JCH. On April 16, 2009, JCH filed an Amended Cross Claim and Third Party Complaint which, *inter alia*, added Barry Zeitlin as a party defendant and sought to hold him personally responsible for any financial liability found on behalf of JCH. On August 14, 2009, the trial court granted a default judgment on the amended cross claim and the third party claim, holding that Barry Construction was "fully liable to JCH for damages assessed against JCH in this case," and that "Barry Zeitlin is individually and personally liable to JCH for all damages . . . as indemnitor and unconditional guarantor of the . . . payment obligations of Barry Construction."[3]

On October 15, 2008, Metro moved for summary judgment and on November 5, 2008, Barry also filed a motion for summary judgment. On December 18, 2008, the court entered an order denying both motions; however, the court ruled that "Barry and JCH are jointly and severally liable to Metro for the costs of completing the road, whatever that amount may be determined at trial."

A hearing was held on August 31 through September 1, 2009 to determine Metro's costs in completing Smith Springs Parkway. On October 16 the trial court issued a Memorandum and Order granting Metro judgment in the amount of $182,733.19 jointly and severally against Barry Construction and JCH; Metro was granted judgment in the amount of $32,637.00, representing the cost of land acquisition, solely against Barry Construction. Metro appeals, asserting the following issue: "Whether the trial court erred by not finding JCH liable for Metro's costs in completing Smith Springs Parkway."

## II. Discussion

In a non-jury case we review the record *de novo* with a presumption of correctness as to the trial court's determination of facts, and we uphold those factual findings unless the evidence preponderates to the contrary. Tenn. R. App. P. 13(d). The trial court's

---

[3] The record does not contain the motion seeking a default judgment against Barry Construction.

conclusions of law, however, are accorded no presumption of correctness. *See Staples v. CBL Associates, Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

Metro contends that the trial court did not abide by this Court's Order when it failed to assign the land acquisition costs to JCH and Barry jointly and that the failure to do so contradicts our previous ruling that JCH "remains ultimately liable" for the costs of completion of the road. In support of its contention that JCH should be liable for the land-acquisition costs, Metro cites the following excerpt from this Court's Opinion in *Barry I*: "JCH incurred a legally enforceable obligation to ensure that Smith Springs Parkway was built and paved during the course of the development of the project. . . . As long as the project went forward, JCH has a legal duty to make sure that this condition of development was satisfied." *Metro. Gov't of Nashville and Davidson County*, 240 S.W.3d at 850.

On remand, we directed the trial court to consider the "appropriate allocation of responsibility for the construction" of Smith Springs Parkway. The matter proceeded to hearing on five disputed issues. Metro sought damages of $308,254.99 for the costs of actual construction of the road (e.g., cost of asphalt, paving, etc.), $32,637.00 as costs of acquisition of the property and court costs, and prejudgment interest. The court determined that JCH and Barry were jointly and severally liable for the costs of construction of the road, which the court determined to be $182,733.19.[4] With regard to the land acquisition costs, the trial court held:

> . . . Metro asserts that the cost of acquisition of the property and court costs, $32,637.00, should be assessed to JCH as well as Barry Construction. The Court dismisses that claim.
> JCH was not a party to the roadway condemnation lawsuit. It did not, then, have any input into the settlement agreement nor did it receive any of the $32,487.00 Metro paid to Barry Construction to purchase the property. Without an opportunity to participate in those negotiations, there is some unfairness at this time in assessing those costs against JCH. Moreover, the property was no longer owned by JCH. It had no control over the property or its owner Barry Construction to effect a conveyance of the property to Metro and avoid the acquisition costs. The Court, therefore, finds that JCH is not liable for the $32,637.00 acquisition costs. Barry Construction is liable for those costs.

---

[4] The disputed issues included the proper standard to which Smith Springs Parkway was required to be built and whether sidewalk regulations applied to the completion of the road.

4

In our disposition of the first appeal, we did not hold that the defendants were jointly and severally liable for the costs of completing the road; rather, we instructed the trial court to determine how the financial liability would be allocated between them. The trial court determined that liability for the costs of constructing the road would be joint and several, and that it would unfair, because of the particular facts in the case, for the cost of land acquisition to be assessed to JCH. We agree with the trial court's reasoning, rationale and holding that, in light of the fact that JCH was not a party to the condemnation lawsuit or otherwise did not have input into the resolution of the amount paid for land acquisition, it would be unfair to impose that cost on JCH. In addition, Metro settled the condemnation suit and paid Barry despite the fact that Metro was seeking to recover the costs of completion of the road in this proceeding. To the extent Metro took the position that the cost of land acquisition was included in the cost of completion of the road, we see no reason for Metro's failure to join the condemnation claim in this proceeding or, alternatively, to include JCH in the condemnation proceeding.

The trial court's disposition of Metro's claim is not inconsistent with our instruction on remand and we decline to disturb its apportionment of financial liability.

## III. Conclusion

Accordingly, we affirm the decision of the trial court.

_____
RICHARD H. DINKINS, JUDGE

5